IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCES UDUJIH,<br>            Plaintiff,<br>   v.<br><br>CITY OF PHILADELPHIA, et al.,<br>            Defendants. | Civil Action No. 06-2629 |

**OPINION**

Pollak, J.

Plaintiff, Frances Udujih, brings the above-captioned action claiming violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, as well as causes of action for breach of contract, promissory estoppel, slander and libel, and infliction of emotional distress. Defendants[1] have filed a partial motion to dismiss, which I will grant in part and deny in part.

This action concerns Mrs. Udujih's non-promotion during her employment with the Philadelphia Department of Behavioral Health, Office of Mental Retardation Services (OMRS). Mrs. Udujih was born in Nigeria and is now a naturalized citizen of the United

---

[1] Defendants' motion to dismiss refers to the "Defendant City of Philadelphia," but I take the motion to be an effort on behalf of all of the City defendants, including the individual OMRS employees, as they are collectively represented by Gregory N. Filosa in the City of Philadelphia Law Department. I will refer to the defendants collectively throughout, drawing distinctions between defendant the City of Philadelphia and the individual defendants where appropriate.

States.  She began her employment with OMRS in 1998, and twice applied for the position of Program Analyst, once in 2001 and once in 2004.  She was not selected either time, and remains in her current position of "Social Worker II."  When Mrs. Udujih applied most recently, in 2004, OMRS had three openings for the Program Analyst position.  Mrs. Udujih ranked third on the eligibility list, but defendant hired the first, second, and fourth candidates instead of her.  Mrs. Udujih alleges that her non-selection was based on the fact that she is an African-born employee.  She further alleges that defendant treats African-born employees less favorably than non-African born employees with regard to salary, promotion, retention, and job growth.  Am. Compl. ¶ 31.

When reviewing a motion to dismiss, the facts must be viewed in the light most favorable to plaintiff and all well-pled allegations of the complaint must be accepted as true.  *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will ultimately prevail but only whether she should be entitled to offer evidence to support her claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**Statute of Limitations**

Defendants move for dismissal of several of plaintiff's claims on statute-of-limitations grounds. Expiration of the statute of limitations is generally raised as an affirmative defense pursuant to Fed. R. Civ. P. 8(c). However, a limitations defense may be raised in a motion to dismiss for failure to state a claim under Rule 12(b)(6) if, "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

### Statute of Limitations for § 1983 Claim (Count I)

In her complaint, plaintiff asserts violations of 42 U.S.C. § 1983.[2] Am. Compl. ¶¶ 42–43. There is no federal statute of limitations for actions under § 1983, so courts will borrow the statute of limitations for a common law of personal injury claim in the forum state. 42 U.S.C. § 1988; *Wilson v. Garcia*, 471 U.S. 261, 272–76 (1985); *see also Lake v.*

---

[2] Section 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
42 U.S.C. § 1983.

3

*Arnold*, 232 F.3d 360 (3d Cir. 2000) (applying limitations period for state personal injury actions to § 1983 actions). Pennsylvania's two-year statute of limitations for personal injury claims therefore applies. *See* 42 Pa. Cons. Stat. Ann. § 5524; *Kost v. Kozakiewicz*, 1 F.3d 176, 189–190 (3d Cir. 1993).

Under the two-year statute of limitations, Mrs. Udujih will only be able to assert § 1983 claims arising from events taking place on or after June 19, 2004. Therefore, I must dismiss as untimely all claims alleging § 1983 violations arising from events that took place before June 19, 2004.[3]

---

[3] In her opposition to defendants' motion to dismiss, Mrs. Udujih contends that the two-year statute of limitations should run from the date of the last discriminatory act. Pl.'s Opp. at 8. Essentially, plaintiff is asking this court to consider the several incidents of alleged discrimination as comprising a continuing violation, rather than as individual, "segmentable torts." *Id.* The continuing violation doctrine is an equitable remedy that tolls the relevant statute of limitations where a series of otherwise time-barred acts function in concert with the timely incidents to create an aggregate violation.

Mrs. Udujih's allegations of non-promotion, however, cannot be aggregated for statute of limitations purposes, because each instance of an employer failing to promote an employee is considered a discrete act. *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). As *Morgan* instructs, "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" 536 U.S. at 114. Thus, under *Morgan*, plaintiff's allegations of failure to promote constitute discrete acts—one arising in 2001 and the next in 2004—and they cannot be aggregated under a continuing violations theory.

**Statute of Limitations for § 1981 Claims (Count IV)**

Plaintiff also alleges violations of 42 U.S.C. §§ 1981.[4] Am. Compl. ¶¶ 49–50. The statute of limitations for plaintiff's § 1981 claims is four years. *See* 28 U.S.C. 1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Under the four-year statute of limitations, Mrs. Udujih will only be able to assert § 1981 claims arising from events taking place on or after June 19, 2002. Therefore, I must dismiss as untimely all claims alleging § 1981 violations arising from events that took place before June 19, 2002.

**Statute of Limitations for Title VII claims (Count V)**

Defendants next assert that plaintiff is barred from raising any Title VII claims relating to events arising before May 20, 2004. Defs.' Mem. at 9. As defendants note, before a plaintiff can file a complaint in federal court alleging discrimination, he or she must file a charge of discrimination with the EEOC. "[T]he ordinary time for filing a charge of employment discrimination with the EEOC is 300 days after the alleged

---

[4] Section 1981 provides, in relevant part:
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
42 U.S.C. § 1981(a).

discrimination when the charge is filed . . . with the appropriate state agency." *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 480 (3d Cir. 1997) (citing 42 U.S.C. § 2000e-5(e)(1)). Plaintiff filed her charge of discrimination with the EEOC on March 15, 2005. Am. Compl. ¶ 14. Therefore, any claim based on conduct that occurred before May 20, 2004 is barred by the statute of limitations.

### Statute of Limitations for PHRA Claims (Count VI)

Defendants next contend that plaintiff is barred from asserting certain claims under the Pennsylvania Human Relations Act. Defs.' Mem. at 10. As defendants note, under the PHRA, "a complainant has 180 days within which to file a charge of discrimination." *Id.* (citing 43 P.S. § 959(h) (Any complaint filed pursuant to this section must be so filed within one hundred eighty days after the alleged act of discrimination . . . .")); *see also Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). Ms. Udujih filed her charge of discrimination under the PHRA on April 28, 2005. Am. Compl. ¶ 14. Therefore, any claim based on conduct that occurred before October 28, 2004 is barred by the statute of limitations.

**Plaintiff's Remaining § 1983 Claims (Count I):**

Defendants move for dismissal of plaintiff's remaining § 1983 claims for failure to state a claim on which relief can be granted. *See* Defs.' Mem. at 5. To state a claim

6

under 42 U.S.C. § 1983, a plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived her of her rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See, e.g.*, *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).  Plaintiff claims violations of the Fourteenth Amendment's Equal Protection and Due Process Clauses as the "rights, privileges, or immunities secured by the Constitution" upon with the City of Philadelphia effected a deprivation.

**Equal Protection**

Under the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  To ultimately succeed on a § 1983 for denial of equal protection, the plaintiff must prove the existence of purposeful discrimination.  *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990) (citing *Batson v. Kentucky*, 476 U.S. 79, 93 (1986)).  However, at this early stage in the litigation, and bearing in mind that I should not dismiss a claim unless it is clear that "no relief could be granted under any set of facts," *Hishon*, 467 U.S. at 73, Udujih's claim that the City of Philadelphia "intentionally bas[ed] their decisions to an impermissible extent on plaintiff's race, color, and national origin" satisfies the Rule 12(b)(6) standard for stating a claim.  Am. Compl. ¶ 42(a).  Moreover, Federal Rule of

7

Civil Procedure 9(b) states that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Accordingly, plaintiff's assertion that defendants "intentionally" discriminated against her is sufficient to survive a Rule 12(b)(6) motion to dismiss.

**Due Process**

Udujih further claims that defendants deprived her of her Fourteenth Amendment right to due process by, *inter alia*, failing to address her internal grievances and failing to abide by its own substantive and procedural requirements for a grievance appeal from an adverse employment decision. Am. Compl. ¶ 42(b). Defendants have moved for dismissal, arguing that Mrs. Udujih cannot establish the requisite property interest in a promotion with OMRS.

In order to state a substantive due process claim, "a plaintiff must have been deprived of a . . . property interest." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000) (internal quotations omitted). "[W]hether a certain property interest embodies this 'particular quality' is not determined by reference to state law, but rather depends on whether that interest is 'fundamental' under the United States Constitution." *Id*. An employee seeking a promotion has no claim of entitlement creating a property interest in that promotion. *See Robb v. City of Philadelphia*, 733 F.2d 286 (3d Cir. 1984). Moreover, mere presence on an eligibility list for a promotion does not suffice to create a

protected property interest. *See Anderson v. City of Philadelphia*, 845 F.2d 1216, 1220 (3d Cir. 1988) ("The plaintiffs here were never more than applicants for employment by the City. Although the plaintiffs occupied high positions on the civil service eligibility lists for the type of employment they sought, occupancy of these positions entitled the plaintiffs to nothing more than consideration for employment when openings occurred."). However, Mrs. Udujih's complaint does not posit a property interest in the promotion *qua* promotion; rather, the complaint alleges due process violations in OMRS's procedures regarding promotions. *Cf. Dist. Council 33, Am. Fed'n of State, County and Mun. Employees, AFL-CIO v. City of Philadelphia*, 944 F. Supp. 392, 394 (E.D. Pa.1995). Specifically, she claims due process violations with regard to the City's "fail[ure] to abide by its own substantive requirements for promotions."

*District Council 33* provides a thorough review of whether a plaintiff can state a due process claim in the City's failure to abide by its procedures governing promotions. As Judge Padova explained:

> My research has revealed no case in which a property interest has been held to exist in a procedure, and Plaintiffs have failed to bring any such case to my attention. To the contrary, procedural interests under state law are not themselves property interests that will be enforced in the name of the Constitution. *Olim v. Wakinekona*, 461 U.S. 238 (1983). *See also Swartz v. Scruton*, 964 F.2d 607 (7th Cir. 1992) (finding no property interest in method by which university awards merit pay raises); *Doe by Nelson v. Milwaukee County*, 903 F.2d 499 (7th Cir. 1990) (finding no property interest in procedures intended to prevent child abuse). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim*, 461 U.S. at 250.

*Id.* at 395 (parallel citations omitted).  Having reviewed the caselaw, I agree with Judge Padova, and I will dismiss plaintiff's due process claim.

**Plaintiff's §§ 1985(3) and 1986 Claims (Counts II & III)**

In her complaint, plaintiff alleges that the City of Philadelphia and four of its employees violated § 1985 by conspiring to deprive Mrs. Udujih of her civil rights.  *See* Am. Compl. ¶ 44–46; 42 U.S.C. § 1985(3).[5]  In order to survive this motion to dismiss, Mrs. Udujih must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983)).

It is well established that employees of an entity cannot conspire with that entity unless they are acting in a personal capacity in undertaking the conspiracy.  *Robinson v.*

---

[5]Section 1985(3) provides, in relevant part:
If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C. § 1985(3).

10

*Canterbury Vill., Inc.*, 848 F.2d 424, 431 (3d Cir. 1988). The complaint contains no allegations that the OMRS employees were acting in a personal capacity in the events constituting Mrs. Udujih's non-promotion; thus, she has failed to state a claim on which relief can be granted.[6] Because I find that Mrs. Udujih has failed to allege a conspiracy as the first element requires, I must dismiss this claim. Furthermore, because an action under 42 U.S.C. § 1986 requires the existence of a conspiracy under §1985, my finding that no conspiracy existed also disposes of Mrs. Udujih's § 1986 claim. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).

**Plaintiff's Breach of Contract Claim (Count VII)**

Plaintiff asserts a breach of contract claim for the City's failure to promote her to the position of Program Analyst. Am. Compl. ¶¶ 57–59. Defendants contend that dismissal is appropriate because plaintiff has not pled any of the essential terms of an employment contract. Defs.' Mem. at 11.

In order to survive a motion to dismiss, a plaintiff needs to plead the following: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by

---

[6] In her opposition to defendants' motion to dismiss, Mrs. Udujih asserts that an "outside" candidate "was hired as a political payback and only because of her close family links to a current City of Philadelphia council member. Thus, this conspiracy could well involve [OMRS] employees and a non-employee of the City of Philadelphia." Pl.'s Opp. at 10. However, the only individual defendants named in the complaint are City of Philadelphia employees.

the contract; and (3) resultant damages.  *J.F. Walker Co. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002).  Mrs. Udujih's amended complaint fails to satisfy this threshold standard because it does not plead the existence of a contract, nor its essential terms.  Accordingly, I will dismiss plaintiff's breach of contract claims.

**Plaintiff's Promissory Estoppel Claim (Count VIII)**

Plaintiff next brings a promissory estoppel claim on the grounds that she reasonably believed that she would be promoted to the position of Program Analyst because she had been included in the list of eligible candidates.  Am. Compl. at ¶¶ 60–63.  To establish a claim of promissory estoppel, the plaintiff must establish "(1) a promise to a promisee, (2) which the promisor should reasonably expect will induce action by the promisee, (3) which does induce such action, and (4) which should be enforced to prevent injustice to the promisee."  *C & K Petroleum Prods., Inc. v. Equibank*, 839 F.2d 188, 192 (3d Cir. 1988) (citations omitted).  Defendant asserts that plaintiff has failed to allege that any promise was made to her that she would be promoted simply because she was included on the eligibility list.  Defs.' Mem. at 12.  I agree that plaintiff does not allege that any promise of a promotion was made by OMRS.  Her complaint reflects that she "reasonably believed . . . that she would be promoted . . . upon her inclusion in the list of certified candidates," Am. Compl. at ¶ 61; however, an employee's mere presence on an certificate of eligible candidates does not mean that the employee is entitled to a

promotion.  *See Anderson*, 845 F.2d at 1220.  Accordingly, I will dismiss plaintiff's promissory estoppel claim.

**Plaintiff's Slander and Libel and Infliction of Emotional Distress Claims (Counts IX & X)**

Plaintiff alleges two state law claims—one for slander and libel, and the other for infliction of emotional distress—against the City and the individual named defendants, all of whom are City employees.  Defendants move to dismiss on the ground that the City of Philadelphia is immune from state-law tort claims under the Pennsylvania Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa. Cons. Stat. Ann. §§ 8541–8564.  *See* Defs.' Mem. at 13.  The Tort Claims Act provides absolute immunity to the City of Philadelphia from tort liability, except in eight enumerated cases,[7] none of which are applicable to Ms. Udujih's claims of slander and libel and infliction of emotional distress.  Furthermore, while the Tort Claims Act does abrogate immunity for individual employees who commit intentional torts, such abrogation does not extend to the municipality.  Thus, I will dismiss plaintiff's slander and libel and infliction of emotional distress claims against the City of Philadelphia because the City is immune.

---

[7] 42 Pa. C.S.A. § 8542 of the Tort Claims Act permits recovery against a local agency or its employee for negligent acts if the act falls into one of the following eight categories: (1) vehicle liability; (2) care, custody, control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. 42 Pa. Cons. Stat. Ann. § 8542.

Immunity for the individual defendants is governed by §§ 8545–8550 of the Tort Claims Act. Employees of municipal agencies are generally immune from suit to the same extent as the municipal agency, with the important exception that § 8550 permits the imposition of liability on employees for acts that constitute "a crime, actual fraud, actual malice or willful misconduct." 42 Pa. Cons. Stat. Ann. § 8550. Thus, an employee is immune from personal liability for negligence, but generally will remain liable for his or her intentional torts. *Moser v. Bascelli*, 865 F. Supp. 249, 252–53 (E.D. Pa. 1994) (allowing plaintiff's claims for battery and intentional infliction of emotional distress to stand against police officer). Infliction of emotional distress and slander and libel are intentional torts. *Id.*; *Stevens v. Meaut*, 264 F. Supp. 2d 226, 234 (E.D. Pa. 2003). Clearly, the intentional torts alleged in Counts IX and X fall within the purview of § 8550, and the individual defendants are not entitled to a Rule 12(b)(6) dismissal of those counts.

**Punitive Damages**

As a final matter, defendants request that plaintiff's demand for punitive damages be stricken from the complaint. *See* Am. Compl. ¶ 75; Defs.' Mem. at 14.

Title VII only contemplates employer liability, so none of the individual defendants can be subject to any damage claims, let alone claims for punitive damages, under Title VII. Further, when the employer is a municipality, punitive damages are not

14

available under Title VII.  42 U.S.C. § 1981a(b)(1).  Punitive damages are not authorized at all under the PHRA.  *See Hoy v. Angelone*, 720 A.2d 745, 751 (Pa. 1998); *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 570 n.3 (3d Cir. 2002).  Nor are punitive damages available against the City under §§ 1981 or 1983.  *City of Newport News v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  And punitive damage claims under §§ 1981 and 1983 against the individual defendants for actions taken in their official capacities are deemed claims against the municipality and hence are barred.  *See Mitros v. Cooke*, 170 F. Supp. 2d 504, 507 (E.D. Pa. 2001).  But punitive damages claims against the individual defendants acting in their individual capacities remain viable under §§ 1981 and 1983.  *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Bennis v. Gable*, 823 F.2d 723, 732 (3d Cir. 1987).  Finally, to the extent Mrs. Udujih alleges the commission by the individual defendants of intentional state-law torts, punitive damages are available under the Tort Claims Act.  *Holloway v. Brechtse*, 279 F. Supp. 2d 613, 615 (E.D. Pa. 2003).

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part.  An appropriate Order accompanies this Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCES UDUJIH,<br>             Plaintiff,<br>  v.<br>CITY OF PHILADELPHIA, et al.,<br>             Defendants. | Civil Action No. 06-2629 |

**ORDER**

AND NOW, this 10th day of May 2007, in accordance with the above opinion, defendants' motion to dismiss is GRANTED in part and DENIED in part. It is hereby ORDERED that:

    1. Defendant's motion to partially dismiss plaintiff's § 1983 claim (Count I) as untimely is GRANTED. Plaintiff's § 1983 claim is DISMISSED as untimely to the extent that plaintiff alleges events that took place prior to June 19, 2004. All references relating to plaintiff's § 1983 claim in paragraphs 23, 29, 40, and 42 alleging discriminatory acts that occurred prior to June 19, 2004 are stricken from the complaint.

    2. Defendant's motion to partially dismiss plaintiff's § 1981 claim (Count VI) as untimely is GRANTED. Plaintiff's § 1981 claim is DISMISSED as untimely to the extent that plaintiff alleges events that took place prior to June 19, 2002. All references relating to plaintiff's § 1981 claim in paragraphs 23, 29, and 40 alleging discriminatory acts that occurred prior to June 19, 2002 are stricken from the complaint.

    3. Defendant's motion to partially dismiss plaintiff's Title VII claim (Count V) as untimely is GRANTED. Plaintiff's Title VII claim is DISMISSED as untimely to the extent that plaintiff alleges events that took place prior to May 20, 2004. All references relating to Title VII in paragraphs 23, 29, and 40 alleging discriminatory acts that occurred prior to May 20, 2004 are stricken from the complaint.

    4. Defendant's motion to dismiss portions of plaintiff's PHRA claim (Count VI) as untimely is GRANTED. Plaintiff's PHRA claim is dismissed as untimely to the extent that plaintiff alleges events that took place prior to October 28, 2004. All references relating to the PHRA in paragraphs 23, 29, and 40 alleging discriminatory acts that occurred prior to

October 28, 2004 are stricken from the complaint.

     5. Defendants' motion is DENIED so far as it relates to plaintiff's § 1983 claim (Count I) for violation of the Equal Protection Clause.

     6. Defendants' motion is GRANTED with regard to plaintiff's § 1983 claim (Count I) for violation of the Due Process Clause, and this claim is hereby DISMISSED.

     7. Defendants' motion is GRANTED with regard to plaintiff's § 1985 claim (Count II), and this claim is hereby DISMISSED.

     8. Defendants' motion is GRANTED with regard to plaintiff's § 1986 claim (Count III), and this claim is hereby DISMISSED.

     9. Defendants' motion is GRANTED with regard to plaintiff's breach of contract claim (Count VII), and this claim is hereby DISMISSED.

     10. Defendants' motion is GRANTED with regard to plaintiff's promissory estoppel claim (Count VIII), and this claim is hereby DISMISSED.

     11. Defendants' motion is GRANTED in part with regard to plaintiff's slander and libel claim (Count IX). This claim is hereby DISMISSED as to defendant the City of Philadelphia only.

     12. Defendants' motion is GRANTED in part with regard to plaintiff's infliction of emotional distress claim (Count X). This claim is hereby DISMISSED as to defendant the City of Philadelphia only.

     13. Defendants' motion is GRANTED with regard to plaintiff's demand for punitive damages against the City of Philadelphia only. All references to punitive damages against defendant the City of Philadelphia are stricken from the complaint.

                                    BY THE COURT:

                                    /s/ Louis H. Pollak
                                    Pollak, J.